UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROSA LEE KLANESKI

v.

Case number 22cv1158 VAB

THE BRISTOL HOSPITAL, INC.

A. PARTIES

1. ROSA LEE KLANESKI is a natural person and citizen of Connecticut who is domiciled at 8 Farmington Meadow Drive, Farmington, CT 06032.

2. Defendant THE BRISTOL HOSPITAL, INC. is a domestic corporation which is domiciled at 41 Brewster Road, Bristol, CT 06010.

## B. JURISDICTION

The jurisdiction of this court is invoked pursuant to violations of 42 U.S.C. § 18116 and 15 U.S.C. § 45(a)(1).

## C. NATURE OF THE CASE

This case centers on the Defendant's failure to abide by the nondiscrimination section of the Patient Protection and Affordable Care Act by discriminating against the plaintiff on the basis of gender identity or expression (a violation of the Nondiscrimination provision of the Affordable Care Act, 42 U.S.C. § 18116). The plaintiff is what society understands to be a transgender woman, born a natal male in 1979 and transitioning to female sometime around 2005. While a patient at Bristol Hospital on or about June 10, 2019, the Plaintiff was withheld her medically-necessary hormones which are required for proper mental and physical functioning on account of the fact that the Plaintiff is a woman without functioning ovaries.

When she was in the Defendant's emergency department, the Plaintiff requested from several staff members including nurses and APRNs that she be provided with her regular hormone regimen. The agents or employees of the Defendant explained that the progesterone that she ingests daily (micronized progesterone with the brand name Prometrium®) is non-formulary and was not stocked in the Defendant's pharmacy, and therefore the medication could not be dispensed. The Plaintiff had her parents bring her own pills from home, but the Defendant would not allow her to take these outside medications over the Plaintiff's strenuous objection to their conduct.

Because the Prometrium® (a bioidentical replacement for a specific hormone found in female bodies) is non-formulary and is not available at the Defendant's location but a similar hormone (testosterone) is available for biological males, the Plaintiff believes that the Defendant is engaging in discrimination based on sex since a chemical required for proper functioning of males is available but one for females is not. In addition to the per se discrimination of *all* females requiring hormone replacement in the emergency department by the Defendant, the

Plaintiff believes that she was specifically targeted because she is an outwardly gender-nonconforming transgender woman, and that the employees or agents of the Defendant have acted in violation of the Affordable Care Act.

### D. CAUSE OF ACTION

The plaintiff alleges that the following of her rights under a federal statute have been violated and that the following facts form the basis of her allegations:

**Claim I:** **Discrimination based on gender identity or expression in violation of 42 U.S.C. § 18116**

1. At all times relevant to this Complaint, the Plaintiff Rosa Lee Klaneski is and was an individual living in the State of Connecticut who resides in Farmington, CT, and had been treated by Bristol Hospital on or about June 10, 2019.

2. Defendant, The Bristol Hospital, Inc., is now and at all times mentioned in this complaint a domestic corporation organized and existing under the laws of the State of Connecticut, with its principal business address at 41 Brewster Road in Bristol, CT.

3. The Plaintiff is informed and does believe that the defendant is legally responsible for the events and happenings referred to in this complaint, and unlawfully caused the injuries and damages to the plaintiff alleged in this complaint.

4. The Plaintiff was brought to Bristol Hospital on or about June 10, 2019 and was discharged on or about 11am on June 12, 2019.

5. While she was a patient at Bristol Hospital the Plaintiff was discriminated against on the basis of her gender identity or expression. On account of the Plaintiff's transgender status, she was provided with a different level of care than similarly-situated cisgender individuals, and was withheld her medically-necessary medications required for proper functioning as a transgender woman.

6. The Defendant Bristol Hospital effectively denied the Plaintiff her personhood, and as a result, the Plaintiff suffered pain, embarrassment, anguish, and loss of enjoyment of life's

activities.

7. The Plaintiff retains Medicare for her primary insurance, and the Defendant accepted her insurance for payment for the medical services rendered to the Plaintiff.

8. Entities that are subject to the anti-discrimination provisions in Section 1557 include "any health program or activity, any part of which is receiving Federal financial assistance, including credits, subsidies, or contracts of insurance," or "any program or activity that is administered by an Executive Agency or any entity established under this title (or amendments)." *See* 42 U.S.C. § 18116.

9. On account of these facts, Defendant Bristol Hospital is subject to the nondiscrimination provision in section 1557 of the Patient Care and Affordable Care Act, and their conduct violated this federal statute.

**Claim II:     Discrimination based on sex in violation of 42 U.S.C. § 18116**

10. The Defendant Bristol Hospital, as a hospital, has its own pharmacy to service the needs of its clients.

11. The Defendant has, of its own volition, chosen its formulary, which is the cornucopia of drugs that it chooses to stock on-hand in order to provide competent care for its patients.

12. In this formulary, the Defendant stocks testosterone on-hand in order to properly treat biologically male consumers, but one of the corresponding female hormones, progesterone, is not stocked in the formulary and is not similarly available to female patients in need of its health effects.

13. The Plaintiff propounds that such a practice of making male hormones available but not a female one (both are required for healthy adult functioning) is precisely the definition of discrimination on the basis of sex, which is proscribed by statute.

**Claim III:    Violation of Federal Trade Commission Consumer Protection Law 15 U.S.C. § 45(a)(1).**

14. Because the Defendant discriminated against the Plaintiff and engaged in discrimination on both the basis of sex and gender identity, the Defendant is engaging in an unfair or deceptive act or practice, which is a direct violation 15 U.S.C. § 45(a)(1), a consumer protection statute that declares unfair and deceptive trade practices like these illegal. The Defendant's conduct was unfair, immoral, unethical, oppressive, and unscrupulous.

**Claim IV:     Violation of the Connecticut Unfair Trade Practices Act (Connecticut General Statutes § 42-110a *et seq*.)**

15. At all times material, Defendant was a 'person' within the meaning of C.G.S.§ 42-110(a)(3).

16. At all times material, Defendant engaged in trade or commerce within the State of Connecticut.

17. Defendant's conduct as alleged herein violated and continues to violate the Connecticut Unfair Trade Practices Act (CUTPA) in that the conduct was unfair, immoral, unethical, oppressive, unscrupulous and/or deceptive and has caused substantial harm to the Plaintiff.

18. Pursuant to C.G.S. § 41-110(g)(c), a copy of this complaint has been mailed to the Attorney General and the Commissioner of Consumer Protection.

19. As a direct and proximate result of the Defendant's violation of CUTPA, the Plaintiff has suffered the following damages:

        a.    Pain;

        b.    Suffering;

        c.    Embarrassment;

        d.    Anguish;

      e.  Loss of Enjoyment of Life's Activities

20. As a result of the Defendant's violation of CUTPA, the Plaintiff further requests treble damages.

21. As a result of the Defendant's violation of CUTPA, the Plaintiff further requests punitive damages.

## E. REQUEST FOR RELIEF

Wherefore, the Plaintiff demands:

(a) compensatory damages for her mental pain, embarrassment, humiliation, emotional pain and anguish, denial of personhood, and loss of enjoyment of life;

(b) punitive damages for the defendant's wilful and malicious conduct which runs counter to public policy to the extent allowed by state and federal anti-discrimination law;

(c) prejudgment and post-judgment interest at the statutory maximum.

## F. JURY DEMAND

The Plaintiff demands a jury trial.

_[signature]_

Rosa Lee Klaneski, pro se Plaintiff
8 Farmington Meadow Drive
Farmington, CT 06032-2040

Cell: 860-214-4000

Email: rosaklaneski@outlook.com

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that she is the plaintiff in the above action, that she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621. Executed at Farmington, CT on Septemeber 12, 2022.