UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROSA LEE KLANESKI,<br>    Plaintiff<br><br>v.<br><br>BRISTOL HOSPITAL, INC.,<br>    Defendant | Civil No. 3:22-cv-01158-VAB<br><br><br>FEBRUARY 2, 2023 |

**BRISTOL HOSPITAL'S REPLY IN FURTHER
SUPPORT OF ITS MOTION TO DISMISS**

**I.    INTRODUCTION**

Defendant Bristol Hospital ("Defendant" or the "Hospital"), hereby submits this reply in further support of its Motion to Dismiss (Dkt. # 10) (the "Motion"). In her Objection to the Motion (Dkt. # 13) ("Pl's Obj."), Plaintiff seeks to amend her Complaint to alter the relief she is seeking and argues that her Complaint has stated plausible claims of discrimination in violation of the Affordable Care Act ("ACA") in Claims I and II.

**II.    ARGUMENT**

Defendant's Motion to Dismiss should be granted in its entirety, and Plaintiff's request in her objection to amend her complaint should be denied due to futility.

**A.    Plaintiff Has Abandoned Her Claims Under the Federal Trade Commission Act and Connecticut Unfair Trade Practices Act.**

As an initial matter, Plaintiff does not contest Defendant's Motion to Dismiss as to Claims III or IV. As to Claim III, Defendant moved to dismiss on the basis that there is no private right of action provided by the Federal Trade Commission Act ("FTCA"). As to Claim IV, Defendant moved to dismiss on the basis that Plaintiff failed to file this action within the required statute of limitations provided by the Connecticut Unfair Trade Practices Act

("CUTPA"). In providing no argument in response to Defendant's Motion as to those matters, Plaintiff fails to contest Defendant's arguments and also appears to concede as to the statute of limitations issue applicable to her claim under the CUTPA.[1] As such, Plaintiff's claims in Claims III and IV of the Complaint should be viewed as abandoned and accordingly dismissed.

### B. Plaintiff Fails to Allege Plausible Claims for Relief under the Affordable Care Act in Claims I and II.

Plaintiff's claims under the ACA in Claims I and II must be dismissed because they fail to set forth claims that are plausible on their face.

As to Plaintiff's claims under the ACA, Plaintiff specifically argues as to Claim I that she was discriminated against based on her gender identity when Bristol Hospital did not provide her with progesterone in a timely manner because it did not stock progesterone in its pharmacy. (*See* Pl. Obj., p. 3.) Plaintiff allegations in Claim II are similar in nature: that the failure to stock a "female" hormone (progesterone) while stocking a "male" hormone (testosterone), constitutes discrimination on the basis of sex. (*See* Complaint, ¶ 12.) In so asserting, Plaintiff appears to be claiming as the foundation for both Claims I and II that the lack of progesterone in Bristol Hospital's pharmacy constituted *per se* discrimination on the basis of gender identity and sex. (*See* Complaint, ¶¶ 5, 13.)

Although the standard of review on a motion to dismiss under Rule 12(b)(6) is deferential to all well-pleaded factual allegations, such a claim is both legal—rather than factual—and conclusory in nature, and thus need not be accepted on its face by the Court. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (". . . the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.") Moreover, the allegations set forth by Plaintiff are simply insufficient to "[nudge her] claims across the line

---

[1] (*See* Pl. Obj., pp. 6-7) ("*While some of her claims are time-barred*, the statute of limitations on Claim I and Claim II falls under the four-year catch-all statute of limitations for federal actions.") (Emphasis added.)

from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's assertion that the Hospital's decision to stock or not to stock a single specific hormone constitutes *per se* gender identity and sex discrimination lacks legal or factual foundation. A pharmacy at a hospital could carry specific drugs and hormones for any multitude of reasons, including cost, necessity, regulatory reasons, and, most notably, the needs of its broader patient population and statistics relating to those needs. The mere fact that Plaintiff, as a transgender female, requires that specific hormone as part of her own treatment regimen, or that other similarly situated individuals might also be prescribed progesterone for various medical reasons, is simply insufficient to state a plausible claim of gender identity or sex discrimination under the standards set forth by the United States Supreme Court in *Iqbal* and *Twombly*. Accordingly, Plaintiff's claims under the ACA in Claims I and II should be dismissed.

> **C.      Plaintiff's Request for Leave to Amend the Complaint Should Be Denied Because the Requested Amendment Pertaining to the Remedies Plaintiff Seeks Would Be Futile.**

To the extent the Court agrees that Plaintiff has failed to set forth plausible claims in Claims I and II of the Complaint, it should deny Plaintiff's request to amend her request for relief in this case because such an amendment would be futile.

Although the Federal Rules of Civil Procedure permit the amendment of a Plaintiff's Complaint to be liberally granted as the ends of justice require (*see* Fed. R. Civ. P. 15(a)(2)), such a deferential standard does not apply where the proposed amendment would be futile. *See United States ex rel. Ladas v. Exelis, Inc.,* 824 F.3d 16, 28 (2d Cir. May 25, 2016) ("Leave to amend [under Rule 15] . . . should generally be denied in instances of futility"); *Long v. Parry*, 2017 U.S. App. LEXIS 2613, at *6 (2d Cir. Feb. 15, 2017) (same). Here, the proposed amendment from Plaintiff relates to the type of relief sought. Specifically, she seeks to amend

her claims for relief to seek nominal damages and injunctive relief. However, the relief sought by a Plaintiff is irrelevant, and an amendment pertaining to the same would be futile, if the underlying claim fails to state a plausible claim for relief. Accordingly, if the Court concurs with Defendant that Plaintiff's claims under the ACA in Claims I and II fail to state a plausible claim for relief, it should deny Plaintiff's request to amend her prayer for relief.

For the reasons set forth herein and more fully in Bristol Hospital's Motion to Dismiss, Bristol Hospital respectfully requests that Plaintiff's Complaint be dismissed in its entirety.

Respectfully submitted,

DEFENDANT,
Bristol Hospital, Inc.

By: /s/ *Justin E. Theriault*
Justin E. Theriault (ct 28568)
justin.theriault@jacksonlewis.com
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT 06103
P: (860) 522-0404
F: (860) 247-1330
*Its Attorneys*

## **CERTIFICATION OF SERVICE**

I hereby certify that on February 2, 2023 a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. A copy of this filing has been sent by first class mail, postage prepaid to:

>Rosa Lee Klaneski
>8 Farmington Meadow Drive
>Farmington, CT 06032-2040

>*/s/ Justin E. Theriault*
>Justin Theriault

4877-2498-0045